IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and <br> THE STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> TECUMSEH PRODUCTS COMPANY, <br> THOMAS INDUSTRIES, INC., and <br> WISCONSIN PUBLIC SERVICE CORP., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

The United States of America, by the authority of the Attorney General of the United States, acting at the request and on behalf of the National Oceanic and Atmospheric Administration ("NOAA") and the Department of the Interior ("DOI"), and the State of Wisconsin, by authority of the Attorney General of Wisconsin and acting on behalf of the Wisconsin Department of Natural Resources ("WDNR"), hereby file this Complaint and allege as follows:

**NATURE OF ACTION**

1. This is a civil action, brought by the United States and Wisconsin (collectively, the "Plaintiffs") against Tecumseh Products Company ("Tecumseh"), Thomas Industries, Inc. ("Thomas"), and Wisconsin Public Service Corp. ("WPSC") (collectively, the "Defendants"), under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability

Act ("CERCLA"), 42 U.S.C. § 9607, for recovery of damages for injury to, loss of, or destruction of natural resources resulting from releases of hazardous substances.

2. Each of the Defendants is responsible for historic releases of polychlorinated biphenyls ("PCBs") or polycyclic aromatic hydrocarbons ("PAHs") into the environment at the Sheboygan River and Harbor Superfund Site ("Site") located in the City of Sheboygan Falls, the Village of Kohler, and the City of Sheboygan, Sheboygan County, Wisconsin. Releases of PCBs and PAHs have resulted in injury to various natural resources -- including fish, birds, benthic invertebrates, and aquatic plants -- for which federal and state agencies serve as trustees. Plaintiffs also seek to recover un-reimbursed costs of assessing such damages.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) and (e) of CERCLA, 42 U.S.C. § 9613(b) and (e), and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the claims arose and the threatened and actual releases of hazardous substances occurred in this district.

## BACKGROUND ON THE SITE AND THE STATUTE

5. The Sheboygan River and Harbor Superfund Site encompasses the lower 14 river miles of the Sheboygan River and adjacent floodplain, from Sheboygan Falls downstream to and including the Inner Harbor in Lake Michigan. It was listed on the CERCLA National Priorities List ("NPL") on or about May 21, 1986 (51 Fed. Reg. 21054 (June 10, 1986)). The Site includes a portion of the WPSC Campmarina MGP Site ("Campmarina Site").

6. The Campmarina Site is located at 732 N. Water St., Sheboygan, WI on the north bank of the Sheboygan River and was addressed under the Superfund Alternative Approach. The Campmarina Site encompasses 2.3 acres of land adjacent to the Sheboygan River and 4.5 acres of river. The river portion of the Campmarina Site is located within the limits of the larger Sheboygan River and Harbor Superfund Site.

7. Facilities owned and operated by the Defendants discharged PCB and PAH compounds to the River in connection with past industrial activity. PCB and/or PAH contamination was identified in sediments throughout the Site and in sufficient concentrations to cause injury to many types of natural resources, including sediment, vegetation, invertebrates, fish, and birds. In addition to ecological injuries, PCB and PAH contamination of natural resources has resulted in losses to recreational fishing services.

8. CERCLA § 107(f), 42 U.S.C. § 9607(f), authorizes duly-designated Federal and State natural resource trustees to recover natural resource damages ("NRD"), *i.e.* damages for any injury to, destruction of, or loss of natural resources resulting from the release of hazardous substances, including the reasonable costs of assessing such injury. CERCLA § 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), imposes liability for such damages on certain classes of potentially responsible parties ("PRPs"), including current owners and operators of a facility from which there has been a release of a hazardous substance, parties that owned or operated a facility at the time of disposal of a hazardous substance, and parties that arranged for disposal or treatment of a hazardous substance at a facility owned by another party or entity.

9. Under CERCLA, the term "natural resources" includes "land, fish, wildlife, biota, air, water . . . and other such resources belonging to, managed by, held in trust by, appertaining

to, or otherwise controlled by the United States [or] any State or local government . . . ." 42 U.S.C. § 9601(16).

10. Natural resources have been injured as a result of releases of hazardous substances – PCBs and PAHs – into the environment at the Site.

11. The Secretary of the Interior (hereinafter included in "DOI") has been designated as a natural resource trustee for federal trust resources at and near the Site pursuant to 42 U.S.C. § 9607(f)(2)(A), 40 C.F.R. § 300.600, and Exec. Ord. No. 12,580, 52 Fed. Reg. 2923 (Jan. 23, 1987). DOI acts on behalf of the public as a trustee for natural resources, including threatened or endangered species, migratory birds, other fish and aquatic life, and their supporting ecosystems, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States. *See*, *e.g.*, 40 C.F.R. § 300.600.

12. The Administrator of NOAA (hereafter included in "NOAA") has been designated as a natural resource trustee for federal trust resources at and near the Site pursuant to 42 U.S.C. § 9607(f)(2)(A), 40 C.F.R. § 300.600, and Exec. Ord. No. 12,580, 52 Fed. Reg. 2923 (Jan. 23, 1987). NOAA acts on behalf of the public as a trustee for natural resources, including threatened or endangered species, other fish and aquatic life, and their supporting ecosystems, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States. *See*, *e.g.*, 40 C.F.R. § 300.600.

13. WDNR has been designated as a State natural resource trustee for Wisconsin trust resources at and near the Site pursuant to 42 U.S.C. § 9607(f)(2)(B) and 40 C.F.R. § 300.605. WDNR acts on behalf of the public for natural resources, including their supporting ecosystems, within the boundaries of Wisconsin or belonging to, managed by, or appertaining to Wisconsin. 40 C.F.R. § 300.605.

4

14. Federal trusteeship over natural resources may overlap with that of States. The NCP directs that, where there are multiple trustees, the trustees should coordinate and cooperate in carrying out their responsibilities. 40 C.F.R. § 300.615(a).

15. NRD includes the costs of actions to restore, replace, or acquire the equivalent of the injured natural resources and the reasonable costs of assessing the injury and the associated damages. NRD may also include compensation for interim losses to the public attributable to natural resource injuries from the onset of the injury through their repair or recovery to an uninjured state, adjusted for any mitigation of those injuries by response actions or early restoration actions, and any increase in injuries that may have occurred as a result of response actions.

16. As required by CERCLA Section 301(c), 42 U.S.C. § 9651(c), DOI has promulgated regulations regarding the assessment of NRD and associated restoration activities. Those regulations are codified at 43 C.F.R. Part 11.

17. As expressly provided by CERCLA Section 107(c)(2), 42 U.S.C. § 9607(c)(2), any determination or assessment of damages made by a Federal or State trustee in accordance with DOI's NRD assessment regulations shall have the force and effect of a rebuttable presumption on behalf of the trustee in any judicial proceeding to recover such damages under CERCLA.

18. DOI, NOAA, and WDNR have performed NRD assessment and restoration activities concerning the Site in accordance with DOI's NRD assessment regulations. The assessment activities have included preparation of the *Preassessment Screen and Determination* (2008) and the draft *Restoration Plan and Environmental Assessment* (2017). The Trustees have determined that injuries to natural resources within the Site, including sediment, soil,

invertebrates, fish, reptiles, amphibians, birds, and mammals, were caused by exposure of those resources to PCBs, PAHs, and other contaminants. These injuries resulted in a loss of the ecological and recreational services that assessment area resources would otherwise have provided.

19. The amounts recoverable in an action for NRD under CERCLA Section 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), include statutory prejudgment interest on the damages.

## ALLEGATIONS RELATING TO DEFENDANTS

General Allegations:

20. Each of the Defendants is a "person," within the meaning of CERCLA Section 101(21), 42 U.S.C. § 9601(21).

21. Each industrial facility located or formerly located at the Site is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

22. Each sewer system (including each sewer pipe) located or formerly located at the Site is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

23. The Site is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

24. PCBs are "hazardous substances," within the meaning of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

25. PAHs are "hazardous substances," within the meaning of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

26. "Natural Resources" within the meaning of Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), have been and/or are being injured, lost, or destroyed as a result of the releases of hazardous substances at the Site.

27. Plaintiffs have incurred costs in assessing damages to natural resources resulting from the releases.

Allegations Concerning Tecumseh Products Co.:

28. Tecumseh and one or more of its corporate predecessors – including Die Cast Corporation – has owned and/or operated an industrial facility (the "Tecumseh Facility") in Sheboygan Falls, Wisconsin since approximately 1956. Tecumseh and its corporate predecessors are collectively referred to herein as "Tecumseh."

29. The Tecumseh Facility discharged wastewater containing PCBs directly to the Sheboygan River while the Facility was owned and operated by Tecumseh.

30. Tecumseh, therefore, owned and operated a facility at the time of disposal of hazardous substances at that facility, and there were releases of hazardous substances from that facility to the environment at the Site.

31. In light of the foregoing, Tecumseh is liable to Plaintiffs in this action under CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

Allegations Concerning Thomas Industries:

32. Thomas Industries and one or more of its corporate predecessors has owned and/or operated an industrial facility (the "Thomas Facility") in Sheboygan, Wisconsin since the late 1950's. Thomas Industries and its corporate predecessors are collectively referred to herein as "Thomas."

33. At various times while owned and operated by Thomas, the Thomas Facility discharged wastewater containing PCBs directly to the Sheboygan River and to the City of Sheboygan wastewater treatment plant which discharged to the Sheboygan River.

34. Thomas, therefore, owned and operated a facility at the time of disposal of hazardous substances at that facility, and there were releases of hazardous substances from that facility to the environment at the Site.

35. In light of the foregoing, Thomas is liable to Plaintiffs in this action under CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

Allegations Concerning Wisconsin Public Service Corp.:

36. WPSC and one or more of its corporate predecessors owned and/or operated a manufactured gas plant (the "WPSC Facility") within the Campmarina Site from approximately 1872 to 1929. WPSC and its corporate predecessors are collectively referred to herein as "WPSC."

37. The WPSC Facility discharged wastewater containing PAHs to the Sheboygan River while the WPSC Facility was owned and operated by WPSC.

38. WPSC, therefore, owned and operated a facility at the time of disposal of hazardous substances at that facility, and there were releases of hazardous substances from that facility to the environment at the Site.

39. In light of the foregoing, WPSC is liable to Plaintiffs in this action under CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

**FIRST CLAIM FOR RELIEF**

40. Paragraphs 1 through 39 are realleged and incorporated herein by reference.

41. Releases of PCBs and PAHs into the environment at the Site have resulted in injury to, destruction of, or loss of natural resources under Federal trusteeship and of natural resources under State trusteeship. Federal and State trusteeships of injured natural resources at the Site overlap.

42. Plaintiffs have incurred reasonable costs of assessing the injury, destruction, or loss of natural resources resulting from releases of hazardous substances to the Site and into the environment at the Site.

43. Each of the Defendants is jointly and severally liable to the United States and the State of Wisconsin for damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such damages and the injury, destruction, or loss resulting from releases of hazardous substances to the Site and into the environment at the Site, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter a judgment in favor of Plaintiffs and against the above-named Defendants, jointly and severally, for damages and all costs or expenses incurred by Plaintiffs in the assessment or restoration of natural resources injured, lost or destroyed as a result of the release or threatened release of hazardous substances at the Site;

2. Enter a declaratory judgment in favor of Plaintiffs and against the above-named Defendants, pursuant to 28 U.S.C. § 2201, that the Defendants are jointly and severally liable for any future costs or expenses incurred by the United States in the restoration or replacement of natural resources damaged or destroyed as a result of the release or threatened release of

9
Case 2:17-cv-01728   Filed 12/12/17   Page 9 of 12   Document 1

hazardous substances at the Site, including natural resource damage assessment costs and costs of implementing natural resource restoration activities

3. Award Plaintiffs their costs of this action; and

4. Grant such other and further relief as the Court deems just and proper.

**For the United States of America**

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division


 /s Jeffrey A. Spector
JEFFREY A. SPECTOR
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7511
(202) 514-4432
Jeffrey.Spector@usdoj.gov


GREGORY J. HAANSTAD
United States Attorney
Eastern District of Wisconsin


 /s Susan M. Knepel
SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Ave., Room 530
Milwaukee, WI 53202
(414) 297-1700
Susan.Knepel@usdoj.gov

**For the State of Wisconsin**

BRAD SCHIMEL
Attorney General of Wisconsin


  /s Lorraine C. Stoltzfus
LORRAINE C. STOLTZFUS
Assistant Attorney General
Wisconsin Department of Justice
17 W. Main Street
Madison, WI 53703
(608) 266-9226
stoltzfuslc@doj.state.wi.us

OF COUNSEL:

John Rudolph
U.S. Department of the Interior
Office of the Solicitor
Division of Parks and Wildlife, Branch of Environmental Restoration
1849 C Street, NW, MS-6560 MIB
Washington, DC  20240

Grant Blumberg
National Oceanic and Atmospheric Administration
Office of the General Counsel
1315 East-West Highway, SSMC3
Silver Spring, MD  20910