IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF WISCONSIN, <br><br>        Plaintiffs, <br><br>    v. <br><br> TECUMSEH PRODUCTS CO., THOMAS INDUSTRIES, INC., and WISCONSIN PUBLIC SERVICE CORPORATION, <br><br>        Defendants. | CIVIL ACTION NO. 2:17-cv-1728 |

**CONSENT DECREE
WITH THOMAS INDUSTRIES, INC.**

# TABLE OF CONTENTS

I.      BACKGROUND ........................................................................................................1

II.     JURISDICTION ......................................................................................................3

III.    PARTIES BOUND ..................................................................................................3

IV.     DEFINITIONS.........................................................................................................3

V.      STATEMENT OF PURPOSE ................................................................................7

VI.     PAYMENT BY SETTLING DEFENDANT..........................................................8

VII.    TRUSTEE-SPONSORED NATURAL RESOURCE RESTORATION PROJECTS ......10

VIII.   COVENANTS NOT TO SUE BY THE PLAINTIFFS.......................................11

IX.     RESERVATION OF RIGHTS BY THE PLAINTIFFS.......................................12

X.      COVENANTS BY THE SETTLING DEFENDANT ..........................................13

XI.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION .....................14

XII.    NOTICES................................................................................................................16

XIII.   INTEGRATION/APPENDICES ...........................................................................18

XIV.    EFFECTIVE DATE AND RETENTION OF JURISDICTION ........................19

XV.     CONSENT DECREE MODIFICATIONS .............................................................19

XVI.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT .....................19

XVII.   SIGNATORIES/SERVICE....................................................................................20

XVIII.  FINAL JUDGMENT..............................................................................................21

# I.  BACKGROUND

A.  The United States of America ("United States"), on behalf of the Secretary of the United States Department of the Interior ("DOI"), the Secretary of the United States Department of Commerce ("Commerce"), and the Administrator of the U.S. Environmental Protection Agency ("EPA"), and the State of Wisconsin ("Wisconsin" or the "State"), at the request of the Governor of Wisconsin and on behalf of the Wisconsin Department of Natural Resources ("WDNR"), filed a complaint in this action pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. § 9607.

B.  The complaint alleges that defendant Thomas Industries, Inc. ( "Settling Defendant") is liable under CERCLA for damages for injury to, destruction of, or loss of natural resources resulting from the release of hazardous substances at or from the Sheboygan River and Harbor Superfund Site in Sheboygan, Wisconsin (the "Site").

C.  Pursuant to Executive Order 12580 and the National Contingency Plan, 40 C.F.R. Part 300, DOI, through the United States Fish and Wildlife Service ("FWS"), and Commerce, through the National Oceanic and Atmospheric Administration ("NOAA"), have been delegated authority to act on behalf of the public as the Federal Trustees for natural resources impacted by the release of hazardous substances at or from the Site.

D.  The Governor of Wisconsin has designated WDNR to act as the State Trustee for natural resources impacted by the release of hazardous substances at or from the Site.

E.  The Federal Trustees and the State Trustee have formed a Trustee Council to coordinate Natural Resource Damages related activities associated with the Site.

F.     Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register on May 21, 1986.

G.     In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and may undertake additional response actions in the future.   In performing response actions at the Site, EPA has incurred response costs and will incur additional response costs in the future.

H.     The Parties agree that Settling Defendant is entitled to a *de minimis* settlement under Section 122(g) of CERCLA, 42 U.S.C. § 9622(g).   Settling Defendant has further asserted that it is entitled to application of the *de micromis* exemption under Section 107(o) of CERCLA, 42 U.S.C. § 9607(o).

I.     By entry into this Consent Decree, Settling Defendant does not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the complaint.

J.     The Parties to this Consent Decree recognize, and the Court by entering this Consent Decree finds, that this Consent Decree:   (i) has been negotiated by the Parties in good faith; (ii) will avoid prolonged and complicated litigation among the Parties; (iii) will expedite natural resource protection and restoration actions to be performed by the Trustees; and (iv) is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties to this Decree, it is hereby ORDERED, ADJUDGED, and DECREED:

## II.  JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and Sections 107 and 113(b) of CERCLA, 42 U.S.C. § 9607 and 9613(b).  The Court also has personal jurisdiction over Settling Defendant.   Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.      PARTIES BOUND

2.      This Consent Decree is binding upon the United States and the State, and upon Settling Defendant and its successors and assigns.   Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.     DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.   Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

a.      "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675.

b.     "Commerce" shall mean the United States Department of Commerce and any successor departments, agencies, or instrumentalities.

c.     "Consent Decree" shall mean this Consent Decree and all appendices attached hereto (listed in Section XIII (Integration / Appendices)).   In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

d.      "DARR Fund" shall mean NOAA's Damage Assessment and Restoration Revolving Fund.

e.     "Date of Lodging" shall mean the date the proposed Consent Decree is filed with the Court as an attachment to a Notice of Lodging of Consent Decree, pending public comment as required in Section XVI (Lodging and Opportunity for Public Comment).

f.     "Day" or "day" shall mean a calendar day.   In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal or State holiday, the period shall run until the close of business of the next working day.

g.     "DOI" shall mean the United States Department of the Interior and any successor departments, agencies, or instrumentalities.

h.     "DOJ" shall mean the U.S. Department of Justice and any successor departments, agencies, or instrumentalities.

i.     "Effective Date" shall mean the effective date of this Consent Decree as provided by Section XIV of this Consent Decree (Effective Date and Retention of Jurisdiction).

j.     "EPA" shall mean the U.S. Environmental Protection Agency and any successor departments, agencies, or instrumentalities.

k.     "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507,

compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

l. "National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

m. "Natural Resource" or "Natural Resources" shall mean land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States or the State.

n. "Natural Resource Damages" shall mean any damages recoverable by the United States or the State on behalf of the public, for injury to, destruction of, loss of, loss of use of, or impairment of Natural Resources at the Site as a result of a release of hazardous substances, including, but not limited to: (i) the reasonable costs of assessing such injury, destruction, or loss or impairment arising from or relating to such a release; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost natural resources or of acquisition of equivalent resources; (iii) the costs of planning such restoration activities; (iv) compensation for injury, destruction, loss, loss of use, or impairment of natural resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15.

o. "NRDAR Fund" shall mean DOI's Natural Resource Damage Assessment and Restoration Fund.

p. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper case letter.

q. "Parties" shall mean the United States, the State of Wisconsin, and Settling Defendant.

r. "Plaintiffs" shall mean the United States and the State of Wisconsin.

s. "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992, also known as the Resource Conservation and Recovery Act.

t. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

u. "Settling Defendant" shall mean Thomas Industries, Inc.

v. "Settling Defendant's Related Parties" or "Related Parties" shall mean: (i) Settling Defendant's parents, successors, and assigns, but only to the extent that the alleged liability of such person is based solely on the alleged liability of Settling Defendant; (ii) Settling Defendant's and Related Parties' former or current officers, directors, employees, or shareholders, but only to the extent that the alleged liability of such person is based on acts or omissions which occurred in the scope of the person's employment or capacity as an officer, director, employee, or shareholder of Settling Defendant or a Related Party; and (iii) Settling Defendant's liability insurers, but only to the extent that any such insurer may be alleged derivatively liable in a direct action under Wis. Stat. § 632.24 based on the conduct of Settling Defendant.

w. "Site" shall mean the Sheboygan River and Harbor Superfund Site, encompassing approximately 14 river miles, located in east-central Wisconsin, Latitude 43.75, Longitude 87.7, and running through the City of Sheboygan Falls, the Village of Kohler, and the

City of Sheboygan, Sheboygan County, Wisconsin, and depicted generally on the map attached

as Appendix A.   The portion of the river included in the Site extends from the Sheboygan Falls

Dam through the Outer Harbor area on the western shore of Lake Michigan.   Also included in

the Site are floodplain soils adjacent to the river and soil and groundwater on the former

Tecumseh Products Plant adjacent to the river in Sheboygan Falls, and all areas in proximity to

the river, floodplain soils, and former Tecumseh Products Plant necessary for implementation of

the remedial action set forth in the May 12, 2000 Record of Decision.

      x.      "State" shall mean the State of Wisconsin.

      y.      "Subparagraph" shall mean a portion of this Consent Decree identified by

a lower case letter or an Arabic numeral in parentheses.

      z.      "Trustees" shall mean DOI acting through FWS, Commerce acting

through NOAA, and WDNR.

      aa.      "United States" shall mean the United States of America and each

department, agency, and instrumentality of the United States, including Commerce, DOI, and

EPA.

      bb.      "WDNR" shall mean the Wisconsin Department of Natural Resources and

any successor departments or agencies of the State.

## V.   STATEMENT OF PURPOSE

      4.      By entering into this Consent Decree, the mutual objectives of the Parties are for

Settling Defendant (i) to contribute to the restoration, replacement, or acquisition of the

equivalent of the natural resources allegedly injured, destroyed, or lost as a result of hazardous

substance releases at and from the Site; (ii) to reimburse natural resource damage assessment

costs incurred by FWS, NOAA, and WDNR; (iii) to resolve its alleged civil liability for Natural

Resource Damages as provided herein; and (iv) to resolve potential civil liability with regard to the Site under Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a).

## VI.    PAYMENT BY SETTLING DEFENDANT

5.    Payment into the Court Registry Account for Trustee-Sponsored Natural Resource Restoration Projects.   Within 45 Days after the Date of Lodging of this Consent Decree, Settling Defendant shall pay $550,000 into an interest-bearing Court Registry Account of the United States District Court for the Eastern District of Wisconsin.

6.    Disbursements from the Court Registry Account.   At any time after the Effective Date, funds deposited into the Court Registry Account under Paragraph 5 of this Consent Decree (and all accrued interest on such funds) shall be disbursed pursuant to one or more separate Withdrawal Orders entered by the Court, which shall provide for disbursement of all funds in the Court Registry Account to the United States to be deposited in a segregated sub-account within the NRDAR Fund, to be managed by DOI for the joint benefit and use of the Trustees to pay for Trustee-sponsored natural resource restoration projects in accordance with Section VII.

7.    Notice of Payment.   Upon making any payment under Paragraph 5, Settling Defendant shall send written notice that payment has been made to:

> Chief, Environmental Enforcement Section
> U.S. Department of Justice
> DJ #90-11-2-06440/1
> P.O. Box 7611
> Washington, DC   20044-7611
>
> Assistant Solicitor, Branch of Environmental Restoration
> U.S. Department of the Interior
> MS-5311
> Washington, DC   20240

Grant Blumberg, Attorney-Advisor
National Oceanic and Atmospheric Administration
Office of General Counsel
1315 East-West Highway, Room 15832
Silver Spring, MD 20910

Lorraine C. Stoltzfus
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI  53707-7857

8.      Non-Compliance with Payment Obligations.

a.      Interest.   In the event any payment required pursuant to Paragraph 5 is not made when due, Settling Defendant shall pay Interest on the unpaid balance commencing on the payment due date and accruing through the date of full payment.

b.      Stipulated Damages.   In addition to the interest required to be paid under the preceding Subparagraph, if any payment required pursuant to Paragraph 5 is not made when due, Settling Defendant shall also pay stipulated damages of $1,500 per day through the date of full payment.

c.      Payment of Interest and Stipulated Damages.   Any Interest payments under Subparagraph 8.a shall be paid in the same manner as the overdue principal amount, and shall be directed to the same fund or account as the overdue principal amount.   Any stipulated damages payments under Subparagraph 8.b shall be paid to the United States in accordance with payment instructions provided by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of Wisconsin, and shall be deposited in the United States Treasury.

9.      Refund from Court Registry Account.   In the event that, pursuant to Paragraph 33, the Court should decline to approve this Consent Decree and any Party voids this

agreement, the funds in the Court Registry Account shall be returned to Settling Defendant with accrued interest.

VII.     TRUSTEE-SPONSORED NATURAL RESOURCE RESTORATION PROJECTS

10.     Management and Application of Funds.    All funds deposited in a segregated sub-account within the NRDAR Fund under Paragraph 6 shall be managed by DOI for the joint benefit and use of the Trustees to pay for Trustee-sponsored natural resource restoration efforts in accordance with this Consent Decree.    All such funds shall be applied toward the costs of restoration, rehabilitation, or replacement of injured natural resources, or acquisition of equivalent resources, including but not limited to any administrative costs and expenses necessary for, and incidental to, restoration, rehabilitation, replacement, or acquisition of equivalent resources planning, and any restoration, rehabilitation, replacement, or acquisition of equivalent resources undertaken.

11.     Restoration Planning.    The Trustees have prepared a draft Restoration Plan describing how the funds dedicated to Trustee-sponsored natural resource restoration efforts under this Section will be used.    As provided by 42 U.S.C. § 9611(i) and 43 C.F.R. § 11.93, the Plan identifies how funds will be used for restoration, rehabilitation, replacement, or acquisition of equivalent resources.    The Plan also identifies how funds will be used to address services lost to the public until restoration, rehabilitation, replacement, or acquisition of equivalent resources is completed.    A copy of the draft Restoration Plan is attached as Appendix B to this Consent Decree.

12.     Decisions regarding any use or expenditure of funds under this Section shall be made by the Trustees, acting through the Trustee Council.    Settling Defendant shall not be

entitled to dispute, in any forum or proceeding, any decision relating to use of funds or restoration efforts under this Section.

VIII.     <u>COVENANTS NOT TO SUE BY THE PLAINTIFFS</u>

13.     <u>Covenant by the United States to Settling Defendant</u>.   Except as specifically provided by Paragraph 15 (General Reservations by the United States and the State), the United States covenants not to sue or to take administrative action against Settling Defendant and its Related Parties pursuant to CERCLA Sections 106 and 107, 42 U.S.C. §§ 9606 and 9607, for response costs and Natural Resource Damages relating to the Site.   This covenant not to sue shall take effect upon the Effective Date of this Consent Decree.   This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree.   This covenant not to sue extends only to Settling Defendant and its Related Parties and does not extend to any other person.

14.     <u>Covenant by the State to the Settling Defendant</u>.   Except as specifically provided by Paragraph 15 (General Reservations by the United States and the State), the State covenants not to sue or to take administrative action against Settling Defendant and its Related Parties for Natural Resource Damages and response costs relating to the Site pursuant to CERCLA Section 107, 42 U.S.C. § 9607, or Wisconsin statutory or common law.   This covenant not to sue shall take effect upon the Effective Date of this Consent Decree.   This covenant not to sue Settling Defendant and its Related Parties is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree.   This covenant not to sue extends only to Settling Defendant and its Related Parties and does not extend to any other person.

## IX.   RESERVATION OF RIGHTS BY PLAINTIFFS

15.    <u>General Reservations by the United States and the State</u>.   The United States and the State reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendant and with respect to all matters not expressly included within Paragraphs 13 (Covenants by the United States) and Paragraph 14 (Covenants by the State).   Notwithstanding any other provisions of this Consent Decree, the United States and the State reserve all rights against Settling Defendant with respect to:

a.    claims based on a failure by Settling Defendant to meet a requirement of this Consent Decree;

b.    criminal liability;

c.    liability based on the ownership or operation of the Site by Settling Defendant when such ownership or operation commences after signature of this Consent Decree by Settling Defendant;

d.    liability based on Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant;

e.    liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site; and

f.    liability for damages for injury to, destruction of, or loss of natural resources resulting from releases or threatened releases of hazardous substances outside of the Site.

## X.   COVENANTS BY SETTLING DEFENDANT

16.   Covenants by Settling Defendant.

a.   Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States or the State, or their contractors or employees, with respect to the Site, including Natural Resource Damages, and this Consent Decree, including but not limited to:

(1)   any direct or indirect claim for reimbursement of any payment from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

(2)   any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Wisconsin Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

(3)   any claim pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law relating to the Site, including Natural Resource Damages.

b.   Except as provided in Paragraph 18 (waiver of claims) and Paragraph 23 (waiver of claim-splitting defenses), these covenants shall not apply in the event the United States or the State bring a cause of action or issues an order pursuant to any of the reservations set forth in Section IX (Reservations of Rights by Plaintiffs), other than in Paragraph 15.a (liability for failure to meet a requirement of the Consent Decree) or 15.b (criminal liability), but only to the extent that Settling Defendant's claims arise from the same response action, response

costs, or damages that the United States or the State is seeking pursuant to the applicable reservation.

17.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

18.     Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Section 107(a) or 113 of CERCLA) that it may have for response costs and for natural resource damages and assessment costs relating to the Site against any other person who is a potentially responsible party under CERCLA at the Site.   This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant.

XI.     EFFECT OF SETTLEMENT / CONTRIBUTION PROTECTION

19.     Except as provided in Paragraph 18 (waiver of claims) and in the provisions concerning Settling Defendant's Related Parties, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.   Except as provided in Section X (Covenants by Settling Defendant) and the provisions concerning the Settling Defendant's Related Parties, each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.   Nothing in this Consent Decree diminishes the right of the United States or the State, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-

- 14 -

(3), to pursue any such persons to obtain additional Natural Resource Damages, response costs, or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

20.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree.   The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs and Natural Resource Damages incurred or to be incurred, at or in connection with the Site, by the United States or any other person.   If, however, the United States or the State exercises rights under the reservations in Section X (Reservations of Rights by Plaintiffs), other than in Paragraph 15.a (liability for failure to meet a requirement of the Consent Decree) or 15.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs, response actions, or Natural Resource Damages that are within the scope of the exercised reservation.

21.     The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States and the State in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States and the State within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

22.     Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify the persons identified in Section XII (Notices) in writing no later than 60 days prior to the initiation of such suit or claim.   Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify the persons identified in Section XII (Notices) in writing within 10 days after service of the complaint or claim upon it.   In addition, Settling Defendant shall notify the persons identified in Section XII (Notices) within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

23.     In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs or Natural Resource Damages, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by the United States or the State set forth in Section VIII.

## XII.   NOTICES

24.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.   Except as otherwise provided, notice to a Party by email

(if that option is provided below) or by regular mail in accordance with this Section satisfies any

notice requirement of the Consent Decree regarding such Party.

<u>As to the United States</u>:

    <u>As to the Department of Justice</u>:

    eescasemanagement.enrd@usdoj.gov

    EES Case Management Unit
    U.S. Department of Justice
    Environment and Natural Resources Division
    P.O. Box 7611
    Washington, DC   20044-7611
    Re: DJ # 90-11-06440/1

    <u>As to the Department of Interior</u>:

    Assistant Solicitor, Branch of Environmental Remediation
    Office of the Solicitor
    Division of Parks and Wildlife
    U.S. Department of the Interior
    1849 C Street, NW, MS-5311
    Washington, DC   20240

    <u>As to National Oceanic and Atmospheric Administration</u>:

    Grant Blumberg, Attorney-Advisor
    National Oceanic and Atmospheric Administration
    Office of General Counsel
    1315 East-West Highway, Room 15832
    Silver Spring, MD 20910

    <u>As to the Environmental Protection Agency</u>:

    Director, Superfund Division
    U.S. Environmental Protection Agency
    Region 5
    77 West Jackson Blvd.
    Chicago, IL   60604

As to the State of Wisconsin:

> Department of Natural Resources
> P.O. Box 7921
> Madison, WI   53707-7921
>
> Lorraine C. Stoltzfus
> Assistant Attorney General
> Wisconsin Department of Justice
> P.O. Box 7857
> Madison, WI   53707

As to Thomas:

> Andrew Schiesl
> 222 East Erie Street
> Milwaukee, WI   53202-6036
>
> and
>
> William J. Mulligan
> Davis & Kuelthau, s.c.
> Suite 1400
> 111 East Kilbourn Avenue
> Milwaukee, WI   53202-6613

## XIII.   INTEGRATION / APPENDICES

25.     This Consent Decree and its appendices constitute the final, complete, and exclusive understanding among the Parties with respect to the settlement embodied in this Consent Decree.   The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

26.     The following appendices are attached to and incorporated into this Consent Decree:

> "Appendix A" is a map of the Site.

"Appendix B" is the draft Restoration Plan and Environmental Assessment.

## XIV.     EFFECTIVE DATE AND RETENTION OF JURISDICTION

27.     This Consent Decree shall take effect upon the date upon which approval of this Consent Decree is recorded on the Court's docket.

28.     The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.     CONSENT DECREE MODIFICATIONS

29.     Any material modification of this Consent Decree shall be made by agreement of the Parties to this Consent Decree and in writing, and shall not take effect unless approved by the Court.   Any non-material modification of this Consent Decree shall be made by agreement of the Parties to this Consent Decree and in writing, and shall not take effect until filed with the Court.   Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Consent Decree.

30.     The provisions of this Consent Decree are not severable.   The Parties' consent hereto is conditioned upon the entry of the Consent Decree in its entirety without modification, addition, or deletion except as agreed to by the Parties.

31.     Economic hardship or changed financial circumstances of Settling Defendant shall not serve as a basis for modifications of this Consent Decree.

## XVI.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

32.     This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment.   The United States reserves the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations

which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

33. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII.   SIGNATORIES / SERVICE

34. Each undersigned representative of Settling Defendant, the United States, and the State certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

35. Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

36. Settling Defendant shall identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons. The Parties agree that Settling Defendant need not file an answer to the Complaint in this action or otherwise plead unless or until 60 days after the Court expressly declines to enter this Consent Decree.

## XVIII.    FINAL JUDGMENT

37.    Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States, the State, and Settling Defendant.   The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS  19TH  DAY OF _____APRIL_____, 2018.


_s/ Nancy Joseph_____
United States Magistrate Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in <u>United States and State of Wisconsin v. Tecumseh Products Co., Thomas Industries, Inc., and Wisconsin Public Service Corp.</u>:

FOR THE UNITED STATES OF AMERICA

Date: 12/11/17

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 12/12/2017

JEFFREY A. SPECTOR
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-4432
Jeffrey.Spector@usdoj.gov

GREGORY J. HAANSTAD
United States Attorney
Eastern District of Wisconsin

Date: _____

SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI 53202

THE UNDERSIGNED PARTY enters into this Consent Decree in <u>United States and State of Wisconsin v. Tecumseh Products Co., Thomas Industries, Inc., and Wisconsin Public Service Corp.</u>:

FOR THE UNITED STATES OF AMERICA

Date: _____

_____
JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: _____

_____
JEFFREY A. SPECTOR
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-4432
Jeffrey.Spector@usdoj.gov

GREGORY J. HAANSTAD
United States Attorney
Eastern District of Wisconsin

Date: July 11, 2017

_Susan M. Knepel_
SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI 53202

THE UNDERSIGNED PARTY enters into this Consent Decree in <u>United States and State of Wisconsin v. Tecumseh Products Co., Thomas Industries, Inc., and Wisconsin Public Service Corp.</u>:

FOR THE STATE OF WISCONSIN

Date: _____7/19/17_____

CATHY STEPP
Secretary
Wisconsin Department of Natural Resources
101 South Webster Street
Madison, WI 53703

BRAD D. SCHIMEL
Attorney General

Date: _____

LORRAINE C. STOLTZFUS
Assistant Attorney General
Wisconsin Department of Justice
17 W. Main Street
Madison, WI 53703
State Bar # 1003676

THE UNDERSIGNED PARTY enters into this Consent Decree in <u>United States and State of</u> <u>Wisconsin v. Tecumseh Products Co., Thomas Industries, Inc., and Wisconsin Public Service</u> <u>Corp.</u>:

FOR THE STATE OF WISCONSIN

Date: _____        _____

CATHY STEPP
Secretary
Wisconsin Department of Natural Resources
101 South Webster Street
Madison, WI   53703

BRAD D. SCHIMEL
Attorney General

Date: 7-28-17        _____

LORRAINE C. STOLTZFUS
Assistant Attorney General
Wisconsin Department of Justice
17 W. Main Street
Madison, WI   53703
State Bar # 1003676

- 23 -

THE UNDERSIGNED PARTY enters into this Consent Decree in United States and State of Wisconsin v. Tecumseh Products Co., Thomas Industries, Inc., and Wisconsin Public Service Corp.:

FOR THOMAS INDUSTRIES, INC.

Date:

_____
Signature

Typed Name:  ___Andrew Schiesl___

Title:  ___President___

Address:  ___222 East Erie Street___

___Milwaukee, WI   53202-6036___

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Typed Name:  ___Andrew Schiesl___

Title:  ___President___

Address:  ___222 East Erie Street___

___Milwaukee, WI   53202-6036___